**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECA ACEVEDO CIFUENTES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71027

Agency No. A070-818-244

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Rebeca Acevedo Cifuentes, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ramos-Lopez v. Holder*, 563 F.3d 855, 858 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's finding that Acevedo failed to show past persecution or a well-founded fear of future persecution by guerrillas or the Guatemalan government on account of her political opinion or membership in a particular social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (petitioner must provide some evidence of discriminatory motive); *Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (concluding that record did not compel a finding of even a ten percent chance of persecution). Accordingly, Acevedo's asylum claim fails.

Because Acevedo failed to show eligibility for asylum, she necessarily failed to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of Acevedo's CAT claim because Acevedo failed to establish it is more likely than not that she will be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

08-71027